UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY CORREA; JEREMIAH F. HERBERT;
RICHARD VOGEL,

                        Plaintiffs,

                  -against-

CAPTAIN JAMES E. GINTY; DEPUTY
OFFICER RUGGIERO; LT. CHRISTOPHER
BINI; ROBERT ZANGLA, Attorney at Law;
MELLISA GALLIGAN, Attorney at Law; FRANK
J. LaBUDA, Attorney at Law,

                        Defendants.

20-CV-5791 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiffs Anthony Correa, Jeremiah F. Herbert, and Richard Vogel, who are all detained

at the Sullivan County Jail, jointly signed and filed this *pro se* complaint under 42 U.S.C. § 1983.

(ECF No. 2.) Plaintiffs set forth three main claims. First, Plaintiffs allege that they have been

discriminated against, physically abused, and intimidated because of their Muslim faith, and

denied access to Friday night Jumah services and to an imam or outside chaplain. Second,

Plaintiffs claim that they have been denied access to unspecified "therapeutic treatment." (ECF 2

at 7-8.) Third, Plaintiffs claim that they have been denied adequate time to use the law library,

and that the library is insufficiently stocked with legal materials, photocopying facilities, and

paper and envelopes.[1]

    Named as Defendants are three Sullivan County Jail employees (Captain James E. Ginty,

Deputy Officer Ruggiero, and Lt. Christopher Bini), Acting Sullivan County District Attorney

---

[1] The complaint also states that at least one of the plaintiffs was "housed" with a "documented 'keep-separate' inmate," which put [him] in danger." (*Id.* at 8.) It is not clear to which plaintiff this claim applies.

Meagan Galligan, Assistant District Attorney Robert Zangla, and Frank J. LaBuda, a retired Sullivan County judge who is now in private practice.

Plaintiffs allege that Galligan and Zangla have participated in harassment and "derogatory actions" against them, including "threats and intimidation of harm and abuse." LaBuda allegedly "pressured" Plaintiffs and other Muslims with "coercive actions and physical assaults," is "responsible for demeaning references toward Islam," and has acted in ways that "degrade" them. (*Id.* at 8.) Plaintiffs do not explain the context for their claims against Galligan, Zangla, and LaBuda, but presumably they arise from Plaintiffs' pending criminal matters.

Plaintiffs style the complaint as a "class action." (*Id.* at 10.) Attached as exhibits to the complaint are grievances each plaintiff filed with jail officials.[2] (*Id.* at 18 (Herbert, Exh. A); *id.* at 49 (Vogel, Exh. B); *Id.* at 73 (Correa, Exh. C.) Plaintiffs seek money damages and injunctive relief. For the reasons set forth below, Plaintiffs' claims are severed under Fed. R. Civ. P. 21.

## DISCUSSION

Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the action. *See, e.g.*, *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (Courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

---

[2] Some of these documents discuss other matters, including the denial of showers and recreation. It also appears that some of the restrictions have arisen from facility practices in connection with the COVID-19 pandemic.

Courts have the authority to deny joinder, or to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted); *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

In determining whether to deny joinder or order severance of parties, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Fed. R. Civ. P. 20 and 21); *see also Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007) (When considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003)).

Plaintiffs' claims stem not from one common set of facts but from each Plaintiff's individual criminal case and related detention. While their claims are similar in nature – Plaintiffs are detained at the Sullivan County Jail, and assert that they are being discriminated against because of their Muslim faith and denied access to religious services, the law library, and

3

"therapeutic services" – each Plaintiff has his own criminal matter, religious beliefs, and need for services, and each has filed his own complaints and grievances regarding his detention.

Even if Plaintiffs in this action were properly joined, however, the Court finds that the practical realities of managing this *pro se* multi-prisoner litigation militate against adjudicating the plaintiffs' claims in one action. As *pro se* litigants, Plaintiff may appear only on their own behalf; none may appear as an attorney for the others. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause").

In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed by every party personally who is unrepresented. During the course of this action, each plaintiff would therefore be required to sign any motion or notice filed. But because of the transitory nature of a pretrial detention facility such as Sullivan County Jail, where an inmate could be released or transferred at any time, and because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the motions and notices that they file with the Court. Further, this can result in piecemeal submissions, delays, and missed deadlines. *See Perkins v. City of New York*, No. 14-CV-3779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that multi-prisoner case should be severed under Fed. R. Civ. P. 21 into individual actions based on unwieldy complaint, security considerations, and plaintiffs' likely

inability to jointly litigate the case because they were housed in different facilities or given limited opportunities to associate).

Based on these logistical issues, the Court concludes that allowing this case to proceed as a multi-plaintiff case would not be fair to the Plaintiffs and would not achieve judicial economy. Allowing each plaintiff to proceed separately on the other hand, would facilitate the fair and efficient disposition of the litigation. The Court will therefore sever this action into individual cases. Accordingly, Plaintiffs' claims are severed from each other. Anthony Correa will proceed as the sole plaintiff in this action. The remaining Plaintiffs – Jeremiah F. Herbert and Richard Vogel  — will each be assigned a new case number. A copy of the complaint (ECF No. 2), each plaintiff's respective request to proceed IFP and prisoner authorization, and this order will be docketed in each new case.

The new cases will proceed independently from this point on, and each plaintiff's IFP application and prisoner authorization will be processed, so the Court can be paid the filing fee for each case.[3]

---

[3] Although the Second Circuit has not reached the issue, a majority of courts have held that the Prison Litigation Reform Act, 28 U.S.C. § 1915, requires each prisoner to pay a full filing fee, regardless of whether the prisoner has joined with others to file in one case or is proceeding as the sole plaintiff. *See, e.g.*, *Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001), *cert. denied sub nom. Hubbard v. Hopper*, 534 U.S. 1136 (2002); *Miller v. Annucci*, No. 18-CV-37 (CM) (S.D.N.Y. Feb. 27, 2018) (noting that *Hubbard*, *Hagan*, and *Boriboune* are "consistent with the Second Circuit's recognition that the PLRA was intended to deter the filing of frivolous lawsuits by prisoners," and that allowing prisoners to "split the cost of one filing fee between them would undermine the deterrent effect of the PLRA filing fee requirement" (quoting *Ashford v. Spitzer*, No. 08-CV-1036 (LEK) (RFT), 2010 U.S. Dist. LEXIS 147041, at *13 (N.D.N.Y. Mar. 16, 2010))). *But see In re Prison Litig. Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997) (declaring in an administrative order that "any fees and costs that the district court or the court of appeals may impose shall be equally divided among all the prisoners"); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999) (holding that costs assessed under 1915(f) must be apportioned equally among prisoner plaintiffs). The Court

Plaintiffs will not be regarded as co-plaintiffs, except upon further order of the Court.[4]

## CONCLUSION

The Court severs Plaintiffs' claims from each other under Fed. R. Civ. P. 21. Anthony Correa will proceed as the sole plaintiff in this action.

The Clerk of Court is further directed to open separate civil actions with new docket numbers for Jeremiah F. Herbert and Richard Vogel. A copy of the complaint (ECF No. 2), each plaintiff's respective request to proceed IFP and prisoner authorization, and this order should be docketed in each new case.

The Clerk of Court is directed to mail a copy of this order to all Plaintiffs and note service on the docket.

SO ORDERED.

Dated:   August 11, 2020
         New York, New York

                                        _____
                                        Louis L. Stanton
                                        U.S.D.J.

---

requires that each prisoner pay a full filing fee – especially where, as here, there will now be multiple cases.

[4] The severance of Plaintiffs' claims into individual cases does not mean that their claims cannot be considered or tried together. If appropriate, the Court can deem the cases related or consolidate them. *See Hagan*, 570 F.3d at 165 n.11.