UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH F. HERBERT,

                          Plaintiff,

          -against-

CAPTAIN JAMES E. GINTY; DEPUTY
OFFICER RUGGIERO; LT. CHRISTOPHER
BINI; ROBERT ZANGLA, Attorney at Law;
MEAGAN GALLIGAN, Attorney at Law;
FRANK J. LaBUDA, Attorney at Law,

                          Defendants.

20-CV-6348 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, a pretrial detainee in the Sullivan County Jail, brings this *pro se* action alleging that Defendants violated his constitutional rights.[1] By order dated August 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[2] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

---

[1] Plaintiff filed this complaint, styled as a "class action," with two other prisoners, Anthony Correa and Richard K. Vogel. (ECF 2 ¶ III.) On August 12, 2020, the Court ordered that the cases be severed. (ECF 8.) *See Correa v. Ginty,* ECF 1:20-CV-5791; *Vogel v. Ginty,* ECF 1:20-CV-6349.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Named as Defendants in the complaint are Captain James E. Ginty, Deputy Officer Ruggiero, and Lt. Christopher Bini, all of whom work at the Sullivan County Jail, and three attorneys, Acting Sullivan County District Attorney Meagan Galligan, Assistant District Attorney Robert Zangla, and Frank J. LaBuda, a retired Sullivan County judge who is now in private practice.

The complaint contains the following allegations against the jail defendants. First, Ginty and Bini have subjected Muslim detainees to discrimination, physical abuse, and intimidation because of their religion, and have also denied them access to Friday night Jumah services and to an imam or chaplain. Second, Plaintiff and other detainees have been denied access to unspecified "therapeutic treatments." Finally, Plaintiff and the other detainees have not been given adequate time to use the law library, and the library is insufficiently stocked with legal materials, photocopying facilities, and paper and envelopes.[3] Attached as an exhibit to the complaint are grievances that Plaintiff filed with jail officials addressing these and other matters.[4] (*Id.* at 18, Exh. A)

As to the lawyer defendants, Plaintiff alleges that Galligan and Zangla have participated in harassment and "derogatory actions," including "threats and intimidation of harm and abuse," and that LaBuda "pressured" Muslim detainees with "coercive actions and physical assaults," is

---

[3] The complaint also alleges that Ginty and Bini "housed" one of the plaintiffs with a "documented 'keep-separate' inmate," which put [him] in danger." (*Id.* at 8.) It is not clear whether this claim applies to Plaintiff Herbert, or one of the other two original plaintiffs.

[4] These documents discuss such matters as the denial of showers and recreation. It appears that some of those restrictions have arisen from facility practices in connection with the COVID-19 pandemic.

"responsible for demeaning references toward Islam," and has acted in ways that "degrade" the

detainees. (*Id.* at 8.) Plaintiff does not provide any context for these claims.

Plaintiff seeks money damages and injunctive relief.

## DISCUSSION

### A. Claims Against the Sullivan County Jail Defendants

1.   Discrimination Claims

Plaintiff's claims about discrimination against Muslim detainees implicate the Free

Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized

Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.* For a Free Exercise claim under the First

Amendment, the question at the pleading stage is whether the plaintiff has alleged facts showing

that "defendants significantly interfered with [plaintiff's right to exercise his] religious beliefs."

*McEachin v. McGuinnis*, 357 F.3d 197, 2003 (2d Cir. 2004). RLUIPA "prohibits a state or local

government from taking any action that substantially burdens the religious exercise of an

institutionalized person unless the government demonstrates that the action constitutes the least

restrictive means of furthering a compelling governmental interest." *Holt v. Hobbs*, 135 S. Ct.

853, 859-60, 862 (2015).[5]

Plaintiff filed this complaint with two other prisoners and styled it as a class action. It

contains general allegations about Muslim prisoners being discriminated against and mistreated,

---

[5] RLUIPA does not provide for monetary damages against state officials sued in their official capacities. *Sossamon v. Texas*, 131 S. Ct. 165, 1663 (2011). And the Second Circuit has held that RLUIPA does not create a private right of action against state officials sued in their individual capacities. *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) (per curiam) (reasoning that the Spending Clause allows Congress to impose conditions only on parties actually receiving federal funds, and individual state employees are neither contracting parties nor grant recipients). Accordingly, although Plaintiff is not entitled to damages on his RLUIPA claim, he may be eligible for injunctive and declaratory relief. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006).

but it does not provide any specific facts explaining exactly what happened to Plaintiff and how each defendant was involved in what occurred.

The Court grants Plaintiff leave to amend his complaint to provide any available facts showing that jail employees or officials substantially burdened or interfered with his religious practice.

2.    Conditions-of-Confinement Claims

The Court construes Plaintiff's conditions-of-confinement claims as arising under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

"The Constitution 'does not mandate comfortable prisons' . . . but neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'"[6] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and *Helling v. McKinney*, 509 U.S. 25, 31(1993)). To state a claim of a constitutional violation with respect to his conditions of confinement, a plaintiff must allege facts showing that: (1) he was incarcerated under conditions that posed an excessive risk to his health or safety, and

---

[6] Claims of pretrial detainees arise under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wofish*, 441 U.S. 520, 537 n. 16 (1979); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996). The Court of Appeals for the Second Circuit has held, however, that "[c]laims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009).

(2) the defendant acted with deliberate indifference by knowing of and disregarding that risk. *Farmer*, 511 U.S. at 834, 837; *see Rhodes*, 452 U.S. at 347; *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002). Only "extreme deprivations" are sufficient to sustain a claim based on conditions of confinement. *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999). Ultimately, the question is whether the conditions of the prisoner's confinement violate contemporary standards of decency. *Phelps*, 308 F.3d at 185 (citing *Helling*, 509 U.S. at 35-36; *Rhodes*, 452 U.S. at 347).

To state a claim under § 1983, a plaintiff must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[7]

---

[7] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

The complaint contains general allegations about Sullivan County Jail prisoners being denied access to "therapeutic services." Without more facts, the Court is unable to determine whether Plaintiff can state a § 1983 claim. In addition, there are grievance forms attached to the complaint raising other matters — such as the denial of recreation and showers — that are not mentioned in the complaint, and thus it is not clear whether Plaintiff intends to pursue those claims in this action. Plaintiff also fails to allege how any individual defendant was personally involved in violating his rights under the Fourteenth Amendment. Plaintiff is granted leave to amend his complaint to replead this claim.

3.    Law Library Claims

Plaintiff asserts generally that he and other detainees are not given sufficient time in the law library, and that the law library is inadequately supplied. The Court construes these allegations as asserting violations of Plaintiff's right to access the courts.

"The constitutional right of access to the courts is violated where government officials obstruct legitimate efforts to seek judicial redress." *City of New York v. Beretta U.S.A. Corp.,* 524 F.3d 384, 397 (2d Cir. 2008) (internal quotation marks and alteration omitted). The U.S. Supreme Court held in *Bounds v. Smith*, 420 U.S. 817, 821, 828 (1977), that prisoners "have a constitutional right of access to the courts," which "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The Supreme Court has since clarified, however, that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to

present claimed violations of fundamental constitutional rights to the courts." *Id.* (internal quotation marks omitted). To succeed on an access-to-court claim, a plaintiff must demonstrate "actual injury" by proving that the denial of access "hindered his efforts" to pursue a non-frivolous legal claim. *Lewis,* 518 U.S. at 351.

Here, the facts in the complaint do not show that Plaintiff's right of access to the courts has been infringed upon. Plaintiff does not allege that any limits on his law library time, or the amount or quality of the facility, has actually hindered his efforts to pursue a nonfrivolous legal claim. The Court grants Plaintiff leave to amend his complaint to provide any additional facts that support this claim.

**B.      Claims Against the Lawyer Defendants**

Plaintiff does not provide any context for his claims against the lawyer defendants, but they may arise from Plaintiff's criminal proceedings.

1.      Galligan and Zangla

Plaintiff names the Sullivan County Acting District Attorney and an assistant district attorney. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, if Plaintiff's claims against Galligan and Zangla are based on actions within the scope of their official duties and associated with the conduct of a trial, these claims cannot proceed, because they seek monetary relief against defendants who are immune from suit. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

    2.    LaBuda

LaBuda is a private attorney. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)).

Here, Plaintiff names Frank LaBuda as a defendant. But LaBuda is a private attorney who does not work for any state or other government body. LaBuda is not considered a state actor,

even if he is court-appointed. Accordingly, Plaintiff has not stated a claim against LaBuda under § 1983.[8]

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

---

[8] LaBuda is a retired Sullivan County Court judge. If Plaintiff is suing LaBuda in his capacity as a judge, he is immune from suit for damages for any actions taken within the scope of his judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-6348 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    August 14, 2020
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                          Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 2:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 3:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 4:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:    _____

Date(s) of occurrence:    _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____