UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH F. HERBERT,

                          Plaintiff,

-against-

WARDEN HAROLD L. SMITH; CPL. CALANGELO; CAPT. JAMES E. GINTY; DEPUTY R. RUGGIERO; LT. CHRIS BINI; CPL. MATIS; FRANK LABUDA, ESQ.,

                          Defendants.

**ORDER**

20-CV-6348 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently incarcerated at the Sullivan Correctional Jail, proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. §1983 alleging that Defendants violated his constitutional rights.

Plaintiff filed an Amended Complaint on September 3, 2020 (Doc. 9) and a Second Amended Complaint on September 29, 2020 (Doc. 14). Also, on September 29, 2020, Plaintiff filed a proposed show cause order seeking preliminary injunctive relief. (Doc. 13). Plaintiff's proposed order sought immediate access to religious services, the law library, paper, postage, and other materials, and a ceasing of the alleged violence being directed at him. (*Id.*).

On October 5, 2020, the Court issued an Order of Service (the "October 5 Order"). (Doc. 15). The October 5 Order (1) dismissed Plaintiff's claims against Defendant LaBudo on immunity grounds, (2) dismissed Plaintiff's access-to the court claim for failure to state a claim on which relief can be granted, (3) granted Plaintiff leave to file a Third Amended Complaint regarding his conditions-of-confinement claim, and (4) instructed the U.S. Marshals to effectuate service on Defendants Smith, Calangelo, Ginty, Ruggiero, Bini, and Matis. (*Id.* at 9). Only Plaintiff's religious discrimination claim was not dismissed. Additionally, the October 5 Order denied

Plaintiff's application to issue a show cause order regarding his request for preliminary injunctive relief finding that Plaintiff had "not carried his burden of showing that he will suffer irreparable harm if he is not awarded the extraordinary and drastic remedy of preliminary injunctive relief." (*Id.* at 7-8).

On October 19, 2020, Plaintiff timely filed his Third Amended Complaint ("TAC"). (Doc. 18, Third Am. Compl., "TAC"). That same day, Plaintiff filed a request that the Court appoint him counsel and a second proposed show cause order seeking preliminary injunctive relief. (Docs. 19, 21).

I.   **Access to Courts Claim**

The October 5 Order dismissed Plaintiff's access-to-the-courts claim for failure to state a claim upon which relief can be granted. (Doc. 15 at 4-5). The Court found that:

> Plaintiff provides no facts showing that any defendant's conduct resulted in actual injury to Plaintiff, such as the dismissal of an otherwise meritorious legal claim. *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *Lewis v. Casey*, 518 U.S. 343, 350-53 (1996). And there are no facts to suggest that defendants subjected Plaintiff to regular and unjustifiable interference with his mail. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

(*Id.* at 4). The Court did not grant Plaintiff permission to amend his Complaint to re-assert a First Amendment access-to-the-courts claim. (Id. at 9). In any event, the access-to-the-courts claim in Plaintiff's TAC, suffers from the same deficiencies as the access-to-the-courts claim in Plaintiff's Second Amended Complaint. Accordingly, Plaintiff's claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii).

## II. Unconstitutional Conditions of Confinement Claim

The October 5 Order dismissed Plaintiff's unconstitutional conditions of confinement claim without prejudice and granted Plaintiff permission to file a Third Amended Complaint to provide additional factual material in support of such a claim. (October Order at 7). Based on the additional factual allegations asserted in Plaintiff's TAC, and mindful of the Court's obligation to construe a *pro se* litigant's Complaint liberally, *see Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009), the Court does not, *sua sponte*, dismiss Plaintiff's unconstitutional conditions of confinement claim asserted under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.

## III. Request for Counsel

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id*. Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Here, Plaintiff has been granted permission to proceed *in forma pauperis*. (Doc. 5). Plaintiff therefore qualifies as indigent.

Plaintiff asserts a religious discrimination claim and an unconstitutional conditions of confinement claim. Based on Plaintiff's allegations, the Court cannot determine whether Plaintiff's claims are "likely to be of substance," *Hodge*, 802 F.2d 61-62, and finds that the other *Hodge* factors weigh against granting Plaintiff's application at this early stage. Thus, Plaintiff's request for counsel is denied without prejudice to renewal at a later time.

### IV. Request for Preliminary Injunctive Relief

Plaintiff requests that the Court issue an Order requiring Defendants to show cause why Plaintiff is not entitled to preliminary injunctive relief based on Plaintiff's allegations that he is being denied access to the courts. (Doc. 19). Plaintiff's First Amendment access-to-the-courts claim asserts that Sullivan County Jail does not have an adequate law library. Specifically, Plaintiff alleges that (1) there is not a proper printer, (2) there is not an adequate photocopy machine, and (3) pretrial detainees are not provided adequate legal assistance. (*Id.* at 3). Plaintiff requests that the Court issue an Order (1) providing a printer for pretrial detainees, (2) providing free photocopies, and (3) granting pretrial detainees access to the Jailhouse Lawyer Manuel and the right to meet with attorneys inside a confidential area. (*Id.* at 4-5). In support of the proposes order, Plaintiff has appended letters from four other pretrial detainees that are allegedly also being denied access to the courts. (*Id*. at 6-11).

To obtain such immediate injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

The Court dismissed Plaintiff's access-to-the-courts claim in the October 5 Order, and again here, for failure to state a claim upon which relief can be granted. Thus, Plaintiff's request

that the Court issue a show cause order for preliminary injunctive relief premised on the already dismissed access-to-the-courts claim is denied. To prevail on an access to courts claim, "a plaintiff must demonstrate 'actual injury' by proving that the denial of access 'hindered his efforts' to pursue a non-frivolous legal claim." *Whitfield v. Imperatrice*, 477 F. App'x 806, 808 (2d Cir. 2012) (quoting *Lewis v. Casey*, 518 U.S. 343, 349, 351–53 (1996)). Based on Plaintiff's litigation conduct it does not appear that he has suffered any "actual injury." Since this action commenced on August 11, 2020, Plaintiff has filed a Complaint and three subsequent amended complaints (Docs. 1, 9, 14, 18), two proposed orders to show cause (Docs. 13, 19) and numerous other letters to the Court. Having reviewed Plaintiff's allegations in his TAC and Plaintiff's filings in this action, the Court finds, at this time, that Plaintiff has not carried his burden of showing he will suffer irreparable injury if he is not awarded the extraordinary and drastic remedy of preliminary injunctive relief.

## CONCLUSION

The Court dismisses Plaintiff's access-to-the-courts claim for failure to state a claim on which relief may be granted, denies Plaintiff's request that the Court appoint counsel without prejudice, and denies Plaintiff's request that the court issue a show cause order for preliminary injunctive relief.

Plaintiff's remaining claims include the religious discrimination claims asserted in Plaintiff's Second Amended Complaint and the unconstitutional conditions of confinement claim asserted in Plaintiff's TAC. Thus, Plaintiff's allegations regarding these two surviving claims in his Second Amended Complaint and TAC together constitute the operative pleading.

On October 26, 2020, the Marshals effectuated service on the Defendants and Defendants shall answer or move by December 14, 2020. (Docs. 22-27).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and to terminate ECF No. 21.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:   November 16, 2020
         New York, New York

_____
PHILIP M. HALPERN
United States District Judge