UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH F. HERBERT,

                      Plaintiff,

v.

WARDEN HAROLD L. SMITH, et al.,

                      Defendants.

20-CV-6348 (PMH)

ORDER

PHILIP M. HALPERN, United States District Judge:

    Plaintiff Jeremiah Herbert ("Plaintiff"), who is presently incarcerated at the Sullivan County Jail and who is proceeding *pro se* and *in forma pauperis*, presses claims against six Defendants under 42 U.S.C. § 1983 related to violations of his First and Fourteenth Amendment rights.

    By letters dated February 14, 15, and 19, 2021, and filed via ECF on February 25, 2021 and March 1, 2021 (Docs. 61, 63, 64) Plaintiff filed his third application for injunctive relief and a temporary restraining order (*see* Doc. 13 (first application); Doc. 42 (second application)). Plaintiff's first two applications were denied because, *inter alia*, "Plaintiff ha[d] not carried his burden of showing he will suffer irreparable injury if he is not awarded the extraordinary and drastic remedy of preliminary injunctive relief" (Doc. 30 at 6), "Plaintiff cannot demonstrated a likelihood of success on the merits" (Doc. 46 at 2), and "the injunctive relief Plaintiff seeks is unrelated to Plaintiff's underlying claims for relief (*id*.).

    Plaintiff's most recent application seeks injunctive relief related to a number of alleged constitutional violations including: failing to provide Plaintiff visitation rights, permitting officials to read incoming mail, overcharging for the right to use phones, failing to provide regular outdoor exercise and adequate clothing, and failing to post institutional rules within he facility. (Doc. 64 at

2-4). Defendants Calangelo, Ruggiero, and Matis filed opposition to Plaintiff's third application.[1] (Docs. 62, 66).

The Court denies Plaintiff's third application for a temporary restraining order and injunctive relief for the same reasons that the prior applications were denied. An injunction is "an extraordinary remedy" and the movant bears the burden of showing that "(1) they are likely to succeed on the merits (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest." *Agudath Israel of Am. v. Cuomo*, 979 F.3d 177, 180 (2d Cir. 2020) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20, 24 (2008)). Plaintiff has not satisfied his burden.

## CONCLUSION

Plaintiff's third application for injunctive relief is DENIED. The Clerk is directed to mail a copy of this Order to Plaintiff at the address provided on the docket.

Dated: White Plains, NY
      March 18, 2021

**SO ORDERED.**

_____
Philip M. Halpern
United States District Judge

---

[1] Defendants Ginty, Bini, and Smith, who are separately represented, did not file opposition.