UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMIAH F. HERBERT,<br><br>                                     Plaintiff,<br><br>v.<br><br>WARDEN HAROLD L. SMITH, et al.,<br><br>                                     Defendants. | **ORDER**<br><br>20-CV-06348 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Plaintiff has filed an Application for the Court to Request Pro Bono Counsel. (Doc. 143). For the following reasons, Plaintiff's application is granted

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

1

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (Doc. 5.) Plaintiff advised that his financial status had not changed as the most recent conference held in this matter on March 22, 2023. Plaintiff therefore qualifies as indigent.

In the Amended Complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that Defendants failed to protect him in violation of his Fourteenth Amendment rights. The Court finds that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62. Plaintiff has advanced this case past two motions to dismiss and through discovery and the parties are now preparing for trial. At trial, Plaintiff will need to cross-examine witnesses and otherwise present evidence to a

jury. Although Plaintiff's case is not especially complex, a lawyer will be better positioned than Plaintiff, who lacks a legal education and is currently incarcerated, to prepare for and present this case at trial. Therefore, the Court concludes that, in this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 143.

**SO ORDERED.**

Dated:   White Plains, New York
         March 30, 2023

_____
Philip M. Halpern
United States District Judge

3